Jagraj SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72642.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Allen W. Hausman, Attorney, Thomas K. Ragland, Esq., Calvin C. Cheung, DOJ— U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

## MEMORANDUM **

Jagraj Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which independently affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review for substantial evidence an adverse credibility determination. *See Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). Substantial evidence supports the IJ's adverse credibility determination in this case. *See id.* at 1042–43. The IJ offered specific, cogent reasons for the credibility determination based on numerous inconsistencies between his testimony, the documents he submitted, and the asylum officer's written assessment. *See Pal v. INS,* 204 F.3d 935, 940 (9th Cir.2000) (concluding that inconsistencies between testimony and documents that go to "the heart of … asylum claim" provide substantial evidence to support adverse credibility finding). The BIA explicitly found that the IJ's limited use of the asylum officer's written assessment and interview notes was appropriate and, even if such evidence were not considered, the IJ still provided sufficient reasons to find Singh's testimony not credible.

Because Singh did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). As Singh relies on the same testimony, and points to no additional evidence the IJ should have considered regarding the likelihood of torture if returned to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

India, Singh's CAT claim also must fail. *See id.* at 1157.

## PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.